State of NEW YORK, State of California, State of Connecticut, State of Vermont, State of Maine, State of New Jersey, State of Nevada, Plaintiffs,

v.

Spencer ABRAHAM, as Secretary of the United States Department of Energy, and United States Department of Energy, Defendants.

Natural Resources Defense Council, Inc., Consumer Federation of America, and Public Utility Law Project, Plaintiffs,

v.

Spencer Abraham, as Secretary of the United States Department of Energy, and United States Department of Energy, Defendants.

Nos. 01 CIV. 5499, 01 CIV. 5500(LTS)(DCF).

United States District Court, S.D. New York.

Nov. 19, 2001.

Eliot Spitzer, Attorney General of the State of New York, By Peter H. Lehner, Esq., D. Scott Bassinson, Esq., Assistant Attorneys General, New York State Department of Law, Albany, NY, Richard Blumenthal, Attorney General of the State of Connecticut, By Mark Kindall, Esq., Assistant Attorney General, Hartford, CT, for Plaintiffs State of New York and State of Connecticut.

Bill Lockyer, Attorney General of the State of California, and Richard M. Frank, Chief Assistant Attorney General, Public Rights Division, By Janill L. Richards, Esq., Deputy Attorney General, California Attorney General's Office, Sacramento, CA, for Plaintiff State of California.

Natural Resources Defense Council, By Katherine Kennedy, Esq., New York City, Natural Resources Defense Council, By Sharon Buccino, Esq., John Walke, Esq., Washington, D.C., for Plaintiffs Natural Resources Defense Council, Inc., Consumer Federation of America and Public Utility Law Project.

Wiley Rein & Fielding LLP, By John A. Hodges, Esq., James C. Rubinger, Esq., Kristina R. Osterhaus, Esq., Michelle E. Boardman, Esq., Washington, D.C., for Intervenor–Applicant the Air–Conditioning and Refrigeration Institute.

Baker, Donelson, Bearman & Caldwell, By James C. Duff, Esq., Washington, D.C., for Intervenor–Applicant the Air–Conditioning and Refrigeration Institute.

### MEMORANDUM OPINION AND ORDER

SWAIN, District Judge.

This consolidated action[1] concerns whether procedures used by the Department of Energy ("DOE") and Spencer Abraham, as Secretary of the DOE, ("Abraham" and, with DOE, "Defendants") complied with the Federal Administrative Procedures Act[2] ("APA") in enacting standards for heating and air conditioning levels, and with the En-

---

1. The complaint which initiated this action was filed on June 19, 2001, by plaintiffs State of New York, State of California and State of Connecticut. A complaint in a related case was filed the same day by plaintiffs Natural Resources Defense Counsel, Inc., Consumer Federation of America and Public Utility Law Project. The matters were consolidated for all purposes by order dated August 16, 2001. Additional state plaintiffs Vermont, Maine, New Jersey, and Nevada were added by a Consolidated Second Amended Complaint for Declaratory and Injunctive Relief, dated October 11, 2001.

2. 5 U.S.C.A. § 553 et seq. (West 1996).

ergy Policy and Conservation Act[3] ("EPCA") when it proposed decreased standards of energy efficiency levels for air conditioners and heat pumps. The Air–Conditioning and Refrigeration Institute ("ARI" or "Movant") has moved to intervene as a party defendant, and with its motion has provided a proposed answer to the complaints, pursuant to Federal Rule of Civil Procedure 24(c). ARI's motion is denied to the extent it seeks intervention as of right pursuant to Federal Rule of Civil Procedure 24(a) but is granted under Federal Rule of Civil Procedure 24(b), which allows for permissive intervention.

## BACKGROUND

The following background summary is drawn from the complaints filed in this action, the parties' Preliminary Pre–Trial Statement, submitted to the Court in advance of the initial pre-trial conference of October 11, 2001, and filed with the Court on October 15, 2001, and the parties' motion papers.

The plaintiffs in this action include several states, acting on behalf of themselves and as *parens patriae* on behalf of the citizens of their respective states, and three non-profit public advocacy groups (collectively "Plaintiffs"). Plaintiffs' principal contentions are that the DOE's delay of the effective date of a previously promulgated final rule ("Final Rule") concerning minimum standards of energy efficiency of air conditioners and heat pumps, without notice or opportunity for public comment, violated the APA, and that the DOE's proposal to withdraw the minimum energy efficiency standards of the Final Rule violates the EPCA's prohibition of reduction of energy efficiency standards. Plaintiffs seek declaratory and injunctive relief.

The unit of measurement of energy efficiency for the seasonal cooling performance of central air conditioners and heat pumps is the Seasonal Energy Efficiency Ratio ("SEER"), which describes the ratio of the useful output of an appliance to the total energy input. A higher SEER rating of an appliance indicates a greater level of energy efficiency. The heating performance of heat pumps is measured by the Heating Seasonal Performance Factor ("HSPF"). The higher the HSPF number assigned to an appliance, the greater its energy efficiency. In the EPCA, Congress established a minimum efficiency standard of 10 SEER and 6.8 HSPF for appliances manufactured after January 1, 1992. The EPCA included statutory mandates that the Secretary of the DOE promulgate a proposed rule "to determine if the [energy efficiency standards set by the statute] should be amended," and a final rule reflecting any such amendments, both by specified deadlines. 42 U.S.C.A. § 6295(a)(3) (West 1995). The DOE issued the Final Rule, which was promulgated in the Federal Register on January 22, 2001 and with a published effective date of February 21, 2001, setting standards for residential central air conditioners and heat pumps for products manufactured for sale in the United States on or after January 23, 2006. The Final Rule increased existing energy efficiency standards by about 30%, setting 13 SEER as the minimum energy efficiency standard for central air conditioners and 13 SEER/7.7 HSPF as the minimum standard for heat pumps.

Plaintiffs allege that the DOE has twice postponed the effective date of the Final Rule without providing for public notice and comment as required by Section 553 of the APA, 5 U.S.C.A. § 553 (West 1996). The DOE has also announced its reconsideration of the Final Rule, and has proposed a lower energy efficiency standard. Plaintiffs assert that any such reduction would violate Section 6295(o)(1) of the EPCA, which provides in pertinent part that "[t]he Secretary may not prescribe any amended standard which increases the maximum allowable energy use, ... or decreases the minimum required energy efficiency, of a covered product." 42 U.S.C.A. § 6295(o)(1).

ARI, a national trade association that represents manufacturers of U.S. produced air conditioning and commercial refrigeration equipment, filed a Petition for Reconsideration with the DOE in response to the Final Rule, taking the position that the increased

---

**3.** 42 U.S.C.A. § 6295 et seq. (West 1995 & Supp.2001).

standards were too high and not economically justifiable. The DOE has granted that petition. ARI also sought to challenge the new standards by filing a Petition for Review in the Court of Appeals for the Fourth Circuit. The Fourth Circuit petition has been held in abeyance pending the DOE's reconsideration proceedings in respect of the Final Rule. ARI now seeks to intervene in this action, arguing, *inter alia,* that Plaintiffs' success in the instant action would prevent DOE from acting favorably on ARI's efforts to secure a reduction of the standards set forth in the Final Rule and would cause ARI's member companies to incur heavy expenses in complying with the Final Rule's standards.

## DISCUSSION

The Federal Rules of Civil Procedure permit intervention of a party not initially named in a suit as of right (Rule 24(a)) and by permissive intervention (Rule 24(b)). ARI has moved on both grounds. They are discussed in turn.

*Intervention as of Right*

■ Rule 24(a) of the Federal Rules of Civil Procedure permits intervention as of right upon timely application:

> (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a). ARI does not contend that it has any statutory right to intervene. Instead, it argues that it should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). To succeed on a motion under Rule 24(a)(2), an applicant must meet all of the following requirements:

> [A]n applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

*United States v. City of New York,* 198 F.3d 360, 364 (2d Cir.1999) (quoting *Catanzano v. Wing,* 103 F.3d 223, 232 (2d Cir.1996)). If an applicant fails to meet any one of these requirements, intervention as of right under Rule 24(a)(2) must be denied. The Court finds that ARI has not met all of the requirements of Rule 24(a)(2).

The timeliness of ARI's application is not disputed. This litigation is in its early stages. The complaint in each of the underlying actions was filed on June 19, 2001. ARI filed its motions to intervene in each of the actions on July 19, 2001. The actions were consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a) by order dated August 16, 2001. At the initial pre-trial conference on October 11, 2001, at which counsel for ARI was present, Plaintiffs were granted permission to amend their complaint.[4] At the pre-trial conference, motion practice was also discussed and a schedule set for the filing of dispositive motions, briefing of which was to begin on November 13, 2001. Based on the procedural posture of this action, ARI's motion to intervene meets the timeliness requirement for intervention under Rule 24.

With respect to the second criterion, ARI argues that it has an interest in the subject matter of the action because its members, who are in the business of manufacturing heating and cooling appliances, will have to comply with whatever efficiency standards are in effect after this litigation is concluded. ARI's motion papers include arguments as to the levels at which such energy efficiency standards should be set. Plaintiffs argue, principally, that ARI's interests in the subject matter are collateral to the issues presented by the litigation. The Court, without deciding whether ARI's asserted interest is

---

**4.** The Consolidated Second Amended Complaint was filed in the lead case, *State of New York, et. al. v. Spencer Abraham, et. al.,* 01 Civ. 5499(LTS), on October 12, 2001. Defendants filed an answer to that complaint on October 29, 2001.

sufficient to support intervention as of right, finds that ARI has raised a colorable interest in the action by reason of the economic impact of regulation on its members.

The Court further will assume, without deciding, that the disposition of the present action may impair, within the meaning of Rule 24(a)(2), ARI's interest in the subject of the action. ARI asserts that there is a potential for such impairment because this litigation will either set the standard established by the Final Rule as an irreducible minimum efficiency level or result in a regulatory environment in which ARI will be unable to pursue its challenges to the Final Rule. If Plaintiffs succeed in this action, the DOE may be precluded from lowering the Final Rule's SEER/HSPF standards, effectively foreclosing ARI's opportunity to argue for an even lower standard.[5]

Granting of ARI's motion to intervene as of right would nonetheless be inappropriate because Movant has failed to satisfy this Court that its interests are not adequately represented by the government defendants. The DOE has, in issuing its delays of the Final Rule and in granting ARI's request for reconsideration, indicated its intention to revisit the standards enunciated in the Final Rule. It has also made clear its intention to consider whether a standard lower than that set by the Final Rule is appropriate. (*See* Oct. 2, 2001, Prelim. Pre–Trial Stmt., ¶¶ 17, 19, 20, 21.) The interests of the government defendants in DOE's ability to carry out these intentions is clearly consistent with— indeed, virtually identical to—ARI's interest in keeping open channels for challenging the Final Rule standard. ARI's and DOE's goals diverge, at least as far as made evident from papers submitted in connection with this motion, only with respect to the setting of particular SEER/HSPF levels at or below those set forth in the Final Rule, which is a substantive question not implicated by this litigation. The relevant issues here are not the particular level at which the SEER/

HSPF level should be, but whether DOE has the statutory authority to alter the standard framed by the Final Rule and whether it has complied with applicable procedural requirements in delaying and proposing alterations of that Rule. Although their ultimate motivations for defending the current action may be different, ARI fails to show that the Defendants would not adequately represent its interests such that ARI is entitled to intervene as of right.

Because ARI does not satisfy this fourth prong of the Rule 24(a)(1) standard, its motion to intervene is denied insofar as ARI seeks to intervene as of right.

*Permissive Intervention*

■ ARI argues that even if the Court finds that it does not meet the intervention as of right requirements of Rule 24(a), it should be granted permissive intervention pursuant to Rule 24(b)(2), which provides, in relevant part, that a would-be party can intervene:

> when an applicant's claim or defense and the main action have a question of law or fact in common .... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed.R.Civ.P. 24(b)(2). Great deference is granted to a district court's decision with regard to permissive intervention. *United States v. City of New York*, 198 F.3d at 367 (citing cases).

The Court will exercise its discretion to permit ARI to intervene. ARI's proposed defense has issues of law in common with the main action: whether the DOE has authority to delay or cancel implementation of the Final Rule, and whether the DOE has authority to set regulatory standards lower than those set forth in the Final Rule. Although the implicated interests of ARI and Defendants are sufficiently similar that they could adequately be defended by the government,

---

5. Plaintiffs argue that disposition of this action will not impair ARI's interests because ARI has access to and has pursued other means of protecting any interest it has in the subject matter of the action in other venues, such as its Petition for Reconsideration of the Final Rule's higher energy efficiency standards and the action it initiated against the DOE in the Fourth Circuit. The Court need not address this argument because ARI's motion to intervene as of right fails on other grounds.

the Court finds that intervention by ARI will not unduly delay or prejudice the adjudication of the rights of the original parties. This finding, and the permission here granted to intervene, are predicated expressly on the limitation of ARI's involvement in the action to the issues framed by the existing parties. ARI has represented that, notwithstanding the arguments in its papers as to the propriety of particular efficiency levels and its members' unique ability to address that issue, it will not seek to broaden the issues in this litigation to encompass such questions. The Court will hold ARI to that representation.

### CONCLUSION

For the reasons set forth above, ARI's motion to intervene is granted to the extent it seeks permission to intervene as a party defendant in this consolidated action. It shall serve and file promptly its response to the Consolidated Second Amended Complaint.

SO ORDERED.